**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDDIE FIELDS, : | |
| : | |
| Plaintiff, : | Civil Action: 09-2725 (RMB) |
| : | |
| v. : | **O P I N I O N** |
| : | |
| UNITED STATES OF AMERICA, et : | |
| al., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

Eddie Fields, Pro Se
#1146-055
Federal Medical Center
P.O. Box 4000
Rochester, MN 55903-4000

**BUMB, District Judge**

Plaintiff, Eddie Fields, currently incarcerated at the Federal Medical Center, Rochester, Minnesota, seeks to bring this action alleging constitutional violations in forma pauperis, without prepayment of fees.  Based on Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's complaint will be dismissed, without prejudice, as time-barred.

## BACKGROUND

Plaintiff states that on August 19, 2006, he was stabbed in his cell while housed at the Federal Correctional Institution, Fort Dix, New Jersey.  Plaintiff alleges facts indicating that because of delayed medical attention, he was left with severe spinal injury and nerve damage.  Documents attached to the complaint indicate that Plaintiff was paralyzed from the waist down due to the attack.

Plaintiff seeks to sue the United States and various John/Jane Doe defendants for monetary relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80.

## DISCUSSION

**A.   Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C.

§ 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair

notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

**B.   Plaintiff's Claims Will Be Dismissed.**

1.   *Bivens* Claims are Time Barred

In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), the Supreme Court held that one is entitled to recover money damages for injuries suffered as a result of federal officials' violation of the Fourth Amendment. In doing so, the Supreme Court created a new tort as it applied to federal

4

officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983.

In order to state a claim under <u>Bivens</u>, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law.  <u>See</u> <u>Mahoney v. Nat'l Org. For Women</u>, 681 F. Supp. 129, 132 (D.Conn. 1987)(citing <u>Flagg Brothers, Inc. v. Brooks</u>, 436 U.S. 149, 155-56 (1978)).

The incident at issue occurred on August 19, 2006. Plaintiff's complaint is signed May 27, 2009.  A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  <u>Bethel v. Jendoco Construction Corp.</u>, 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted).  Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss <u>sua</u> <u>sponte</u> under 28 U.S.C. § 1915(e)(2) a <u>pro</u> <u>se</u> civil rights claim whose untimeliness is apparent from the face of the complaint.  <u>See</u>, <u>e.g.</u>, <u>Pino v. Ryan</u>, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) <u>in</u> <u>forma</u> <u>pauperis</u> provisions, that <u>sua</u> <u>sponte</u> dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal

5

theory"); <u>Hall v. Geary County Bd. of County Comm'rs</u>, 2001 WL
694082 (10th Cir. June 12, 2001) (unpub.) (applying <u>Pino</u> to
current § 1915(e)); <u>Rounds v. Baker</u>, 141 F.3d 1170 (8th Cir.
1998)(unpubl.); <u>Johnstone v. United States</u>, 980 F. Supp. 148
(E.D. Pa. 1997) (applying <u>Pino</u> to current § 1915(e)).  The
requirement of 28 U.S.C. § 1915A (governing civil actions in
which a prisoner seeks redress from a governmental entity or
officer or employee of a governmental entity), that federal
courts review and dismiss any complaint that fails to state a
claim, parallels the provision in 28 U.S.C. § 1915(e).

The statute of limitations used in a <u>Bivens</u> action is the
same as the limitations period which would be used in a 42 U.S.C.
§ 1983 action, had the case been brought in state court.  <u>See
Drum v. Nasuti</u>, 648 F. Supp. 888, 902 (E.D. Pa.1986) (citing
<u>Jennings v. Shuman</u>, 567 F.2d 1213, 1216 (3d Cir. 1977)).  The
statute of limitations period for both the 42 U.S.C. § 1983
action and the <u>Bivens</u> action is that used for personal injury
actions.  <u>See</u> <u>id.</u> at 902-03 (citing <u>Wilson v. Garcia</u>, 471 U.S.
261 (1985)); <u>Wade v. Armstrong World Industries, Inc.</u>, 746 F.
Supp. 493, 499 (D.N.J.1990).  Accordingly, New Jersey's two-year
limitations period on personal injury actions, N.J. Stat. Ann.
§ 2A:14-2, governs Plaintiff's <u>Bivens</u> claims.  <u>See Montgomery v.
DeSimone</u>, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); <u>Cito v.
Bridgewater Township Police Dept.</u>, 892 F.2d 23, 25 (3d Cir.

1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. See Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).  Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application.  See Wilson, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.  See Freeman v. State, 347 N.J. Super. 11, 31 (App. Div.) (citations omitted), certif. denied, 172 N.J. 178 (2002).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and

only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. at n.9.

Here, according to the allegations of his complaint, Plaintiff's claims against all defendants accrued[1] on August 19, 2006, the date of the alleged assault and delay in treatment. His complaint is dated May 27, 2009, more than two years later.[2]

---

[1] "A claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621, at *2 (E.D. Pa. Feb. 2, 1996).

[2] Although Plaintiff's complaint was received by the Clerk of the Court on June 4, 2009, the complaint was signed and dated by Plaintiff on May 27, 2009.  Therefore, the May date is the

Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law.  Thus, Plaintiff's claims appear to be time-barred and will be dismissed, without prejudice.  Plaintiff may move to reopen the case within 45 days of the date of entry of the Order accompanying this Opinion, to allege facts indicating that his claims should be tolled, if he so chooses.

   2.   Federal Tort Claims Act

   Plaintiff contends that the United States of America is liable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, for the negligence alleged surrounding his medical care.

   "It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)); Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994).  Congress waived sovereign immunity under

---

date utilized in assessing whether or not Plaintiff has met the statute of limitations.  See Houston v. Lack, 487 U.S. 266 (1988) (providing that the date a prisoner delivers his legal filing to prison authorities for mailing is considered to be the date of the court filing); see also Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998).  In this case, however, using either date, the complaint remains untimely.

certain circumstances in the Federal Tort Claims Act ("FTCA"), 28

U.S.C. §§ 1346(b), 2671-80.  The FTCA gives a district court

> exclusive jurisdiction of civil actions on
> claims against the United States, for money
> damages . . . for injury or loss of property,
> or personal injury or death caused by the
> negligent or wrongful act or omission of any
> employee of the Government while acting
> within the scope of his office or employment,
> under circumstances where the United States,
> if a private person, would be liable to the
> claimant in accordance with the law of the
> place where the act or omission occurred.

28 U.S.C. § 1346(b); see United States v. Muniz, 374 U.S. 150

(1963); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir.

1995).  Cognizable claims under 28 U.S.C. § 1346(b) include those

that are:

> [1] against the United States, [2] for money
> damages, . . . [3] for injury or loss of
> property, . . . [4] caused by the negligent
> or wrongful act or omission of any employee
> of the Government [5] while acting within the
> scope of his office or employment, [6] under
> circumstances where the United States, if a
> private person, would be liable to the
> claimant in accordance with the law of the
> place where the act or omission occurred.

Deutsch, 67 F.3d at 1091 (quoting 28 U.S.C. § 1346(b)); see also

Federal Deposit Ins. Corp. v. Meyer, 510 U.S. at 477; United

States v. Muniz, 374 U.S. 150 (1963).

The FTCA bars a claimant from bringing suit in a district

court unless he has first exhausted administrative remedies.   See

28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106 (1993); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995).  Specifically, 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

A tort claim against the United States is also time-barred unless a claimant presents the claim in writing to the appropriate Federal agency within two years after the claim accrues, and files the action in the district court within six months of notice by certified or registered mail of a final decision of the claim by the agency to which it was presented. See 28 U.S.C. § 2401(b); Pascale v. United States, 998 F.2d 186, 190 (3d Cir. 1993).  The requirements that a claimant timely present his claim and that he do so in writing for a sum certain are jurisdictional prerequisites to a suit in the district court. Deutsch, 67 F.3d at 1091.

In this case, Plaintiff has not alleged facts indicating that he has presented any possible claims to the appropriate

Federal agency.  Because it does not appear that Plaintiff has exhausted his administrative remedies through the proper channels, this Court will dismiss the FTCA claims, without prejudice.

## **CONCLUSION**

Based upon the foregoing, Plaintiff's complaint will be dismissed, without prejudice.  The Court will file an appropriate Order.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: July 21, 2009

12