**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| EDDIE FIELDS, | : | |
| Plaintiff, | : | Civil Action: 09-2725 (RMB) |
| v. | : | **O P I N I O N** |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

Eddie Fields, Pro Se
151 Springer Street
Buffalo, NY 14211

**BUMB, District Judge**

Plaintiff, Eddie Fields, incarcerated at the Federal Medical Center, Rochester, Minnesota, at the time he brought this civil action, has filed three motions post-judgment: a motion to reopen (docket entry 4), a motion for reconsideration of in forma pauperis status (docket entry 5), and a motion to appoint counsel (docket entry 6). For the foregoing reasons, the motions will be denied.

**BACKGROUND**

In his original complaint, Plaintiff stated that on August 19, 2006, he was stabbed in his cell while housed at the Federal Correctional Institution, Fort Dix, New Jersey. Plaintiff

alleges facts indicating that because of delayed medical attention, he was left with severe spinal injury and nerve damage. Documents attached to the complaint indicated that Plaintiff was paralyzed from the waist down due to the attack. Plaintiff sought to sue the United States and various John/Jane Doe defendants for monetary relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80.

On July 21, 2009, this Court dismissed the complaint without prejudice, finding that the claims were time-barred. See Opinion, Docket entry 2. This Court's dismissal order granted Plaintiff 45 days to move to reopen his case to address the issue of tolling of the limitations period.

In his motion to reopen, Plaintiff argues that he had "extraordinary reasons" for failing to timely file his Bivens claims concerning his medical treatment. He states that a month after the August 2006 incident, he was transferred to the Federal Medical Center, Rochester, Minnesota. He spent months rehabilitating his injuries. He states that it took him one year from the incident for him to become "relatively functional."

Plaintiff also attaches to his motion to reopen various administrative remedies, arguing that he has exhausted his remedies for filing a tort claim with the Bureau of Prisons.

2

**DISCUSSION**

**A.   *Bivens* Claim**

Plaintiff argues that his case should be reopened, and the limitations period for bringing a civil claim pursuant to Bivens should have been tolled for Plaintiff, as Plaintiff was recovering from his injuries, and thus "extraordinary reasons" existed to warrant tolling. As noted in this Court's July 21, 2009 Opinion:

> New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31, 788 A.2d 867 (App. Div.) (citations omitted), certif. denied, 172 N.J. 178, 796 A.2d 895 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.
>
> When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:
>
>> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been

3

>     prevented from asserting her claim as a
>     result of other extraordinary circumstances;
>     or (3) where the plaintiff asserts her claims
>     in a timely manner but has done so in the
>     wrong forum.
>
>     Id. at n.9.

(Opinion, dated July 21, 2009, at pp. 7-8).

It appears from Plaintiff's submission that he is asserting that equitable tolling under federal law is appropriate in his case, and that he has "been prevented from asserting his claim as a result of extraordinary circumstances."

However, Plaintiff's claim for equitable tolling must be denied. First, as noted by Plaintiff in his motion, assuming Plaintiff's allegation that "at the very least, it took one year from the incident for him to become relatively functional," (Motion, ¶ 2), Plaintiff failed to file his complaint within the next year, or rather, within two years from the incident.

Further, the attachments to Plaintiff's motion reveal that he was able to file two administrative remedies within two years of the incident (July 15, 2008 remedy and August 4, 2008 remedy), as well as his Administrative Tort Claim, which was received by the Northeast Regional Office of the BOP on January 18, 2008, well within the two-year time frame of the limitations period. Thus, it appears to this Court that Plaintiff's injuries, albeit severe, were not a hindrance to Plaintiff's filing administrative

claims, and Plaintiff had the capability to file a civil complaint within the two-year time frame.

"Federal courts have typically extended equitable [tolling] relief only sparingly." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). "Procedural requirements . . . for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Hedges v. United States, 404 F.3d 744, 753 (3d Cir. 2005) (citation omitted). Indeed, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Id. "[I]gnorance, inexperience and pro se status . . . do not toll the statute of limitations." Huertas v. City of Philadelphia, 188 F. Appx. 136, 138 (3d Cir. 2006). Here, the Court cannot see any legitimate basis to grant the extraordinary relief of equitably tolling Plaintiff's time-limit for filing his Bivens claim. Accordingly, Plaintiff's motion to reopen this claim is denied.

**B.   FTCA Claim**

Generally, claims against the United States and its agencies are barred by the doctrine of sovereign immunity unless the immunity is waived. United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). If a plaintiff cannot establish that his claim

against a federal agency is waived by statute or otherwise, a court should dismiss the claim for lack of subject-matter jurisdiction. <u>White-Squire v. U.S. Postal Service</u>, __ F.3d __, 2010 WL 293048, *2 (3d Cir. Jan. 10, 2010). For claims sounding in tort, the extent of the United States's waiver of sovereign immunity is governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. <u>Id.</u> Thus, when suing the United States in tort, a plaintiff must comply with the FTCA's procedural requirements. <u>Id.</u> As this is a jurisdictional requirement, it should be followed strictly. <u>Roma v. United States</u>, 344 F.3d 352, 362 (3d Cir. 2003).

As explained in this Court's Opinion dated July 21, 2009:

> The FTCA bars a claimant from bringing suit in a district court unless he has first exhausted administrative remedies. <u>See</u> 28 U.S.C. § 2675(a); <u>see also</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113 S. Ct. 1980, 124 L. Ed.2d 21 (1993); <u>Deutsch v. United States</u>, 67 F.3d 1080, 1091 (3d Cir. 1995). Specifically, 28 U.S.C. § 2675(a) provides:
>
>> An action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

> A tort claim against the United States is also time-barred unless a claimant presents the claim in writing to the appropriate Federal agency within two years after the claim accrues, and files the action in the district court within six months of notice by certified or registered mail of a final decision of the claim by the agency to which it was presented. See 28 U.S.C. § 2401(b); Pascale v. United States, 998 F.2d 186, 190 (3d Cir. 1993). The requirements that a claimant timely present his claim and that he do so in writing for a sum certain are jurisdictional prerequisites to a suit in the district court. Deutsch, 67 F.3d at 1091.

(Opinion, dated July 21, 2009, at pp. 10-11).

Plaintiff argues in his motion to reopen that he has complied with this statutory provision and attaches various administrative remedies to his motion. It appears that Plaintiff submitted administrative remedy forms to the Administrative Remedy Coordinator at the FMC Rochester, and the North Central Regional Office, and the Central Office. They were each rejected as untimely, with a note that the request must be received within 20 days of the event complained about. Plaintiff also filed an administrative remedy to obtain a typewriter, which was rejected. Plaintiff did file an Administrative Tort Claim to the Northeast Regional Office of the BOP, which was considered and rejected. The response of the Northeast Regional Office declined to offer Plaintiff a settlement, finding:

> After careful review of this claim, I have decided not to offer a settlement. Investigation reveals that on August 19, 2006, at approximately 3:35 a.m., FCI Fort Dix staff discovered that you had been wounded in the back of your neck. You were timely sent to the

7

> hospital via ambulance, where you were treated from
> August 19, 2006 to September 8, 2006. Subsequently,
> you were transferred to Federal Medical Center (FMC)
> Rochester. A proper investigation of the incident was
> timely conducted. There is no evidence that any Bureau
> of Prisons' staff had any prior knowledge that the
> assault was going to occur. There is no evidence that
> staff acted inappropriately, or that any of your
> alleged physical injuries can be attributed to the
> negligence of Bureau staff. There is no evidence to
> suggest you experienced a compensable loss as the
> result of negligence on the part of any Bureau of
> Prisons' employee. Accordingly, your claim is denied.

(Tort Claim Response dated July 16, 2008, attached to Plaintiff's motion to reopen). The response informed Plaintiff that he may appeal the decision to the District Court within six months of July 16, 2008. Plaintiff's complaint to this Court was dated May 27, 2009, and received on June 4, 2009; approximately five months late.

The Third Circuit has adhered rigorously to the six-month time limit for filing an appeal with the District Court. See, e.g., Lightfoot v. United States, 564 F.3d 625, 627-28 (3d Cir. 2009) (declining to apply the "mailbox rule" to the six-month limit). Pro se plaintiffs are not excused from complying with such procedural requirements. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[P]rocedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel."). Therefore, for the reasons set forth above and explained in this Court's July 21,

2009 Opinion, Plaintiff's motion to reopen his FTCA claims is denied.

**C.   Motion for Reconsideration**

In this motion, Plaintiff, a prisoner when he filed this complaint, argues that although he was granted IFP status in that he did not have to prepay the filing fee, he wishes that the provisions of the IFP statute concerning payments towards the full fee not apply to him.

Plaintiff's IFP application was filed pursuant to 28 U.S.C. § 1915. The statute requires payment of the filing fee, in installments, despite "pauper" status. The statute was properly applied to Plaintiff, as it is applied to all prisoners filing IFP. However, this issue appears moot since Plaintiff has been released from confinement.

Therefore, the motion for reconsideration will be denied.

**D.   Motion for Counsel**

Given the disposition of this case and this Court's denial of the motion to reopen, this motion has become moot.

## CONCLUSION

Based upon the foregoing, Plaintiff's motions will be denied. The Court will file an appropriate Order.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: February 24, 2010